FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 MAR 16  P 12: 49

CLERK _J. LaVictoire_
DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

JOHN I. MAULEON,                                 :
                                                 :
                    Plaintiff,                   :
                                                 :
         v.                                      :        CIVIL ACTION NO.: CV507-012
                                                 :
DANIEL STONE and                                 :
ANTONIO WARD,                                    :
                                                 :
                    Defendants.                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Emanuel Probation Detention Center in Swainsboro, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at the Bacon Probation Detention Center. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that while confined at the Bacon Probation Detention Center, he was attacked by Antonio Ward, a fellow inmate, who knocked out three of his front teeth.  Plaintiff asserts that he was seen by a doctor after the attack, and was referred to a dentist for treatment.  Plaintiff contends that he "went three whole days bleeding and in pain" before being treated by a dentist.   Plaintiff alleges that although Superintendent Daniel Stone told him that he would ensure the return of his lost teeth, he never did, and Plaintiff contends that Stone is the person responsible for the fact that his medical treatment was delayed.

While Plaintiff arguably states a colorable claim against Defendant Stone, he fails to state a cognizable claim against Defendant Antonio Ward. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted).   Only in rare circumstances will a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

Rayburn *ex. rel.* Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001)(citation and internal punctuation omitted).   Here, Plaintiff alleges that Defendant Ward, a fellow inmate and a private individual, attacked him while they were both housed at the Bacon Probation Detention Center.   However, Ward is not an employee of the state, and Plaintiff's allegations do not even suggest the kind of joint action with state actors that would subject a private individual to § 1983 liability.   Accordingly, Plaintiff has stated no cause of action against Defendant Ward, and his claim against Ward is thus due to be dismissed.

Plaintiff's claim against Defendant Stone is addressed in an Order of even date.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's claim against Defendant Ward be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _16th_ day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE